The Law Office of Ethan Mora
Ethan E. Mora (SBN 317937)
1040 E. Herndon Ave., Suite 105
Fresno, CA  93720
Telephone: (559) 370-1485

Attorney for Plaintiff
RYAN DELLONE

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DELLONE, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COINBASE, INC., COINBASE GLOBAL, INC., and DOES 1-50; and 2.05698427 BITCOINS,<br><br>　　　　　　　　　　Defendants. | Case no. 1:23-CV-01408-ADA-HBK<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE AGAINST DEFENDANT 2.05 BITCOINS**<br><br><u>DATE</u>: November 16, 2023<br><u>TIME</u>: 2:00 PM<br><u>COURTROOM</u>: Yosemite Valley<br>HON. Helena M. Barch-Kuchta |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on November 16, 2023 at 2:00 p.m., or as soon thereafter as this matter may be heard in the Yosemite Valley Courtroom of the Honorable Helena M. Barch-Kuchta, located at 9004 Castle Cliff Ct, Yosemite, California 95389, Plaintiff Ryan Dellone ("Plaintiff"), by and through his attorney of record, Ethan E. Mora of The Law Office of Ethan Mora, will move the Court for an order permitting alternative means of service of defendant, namely: **2.05 BITCOINS** ("the Bitcoin Defendant"). At the time and place of hearing, Plaintiff will present proof of the following matters:

　　1. On September 26, 2023, Plaintiff filed a Complaint against Defendant.

　　2. The Bitcoin Defendant cannot with reasonable diligence be served in another manner.

1

**NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE AGAINST 2.05 BITCOINS**

1   This application is based upon this Notice; the Memorandum of Points and Authorities;
2   the Declaration of Ethan E. Mora; the pleadings, files, and records on file in this matter; and on
3   such other information as may be presented at the hearing on this motion.

**NOTICE OF MOTION AND MOTION FOR ORDER PERMITTING ALTERNATIVE SERVICE AGAINST 2.05 BITCOINS**

The Law Office of Ethan Mora
Ethan E. Mora (SBN 317937)
1040 E. Herndon Ave., Suite 105
Fresno, CA 93720
Telephone: (559) 370-1485

Attorney for Plaintiff
RYAN DELLONE

# THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DELLONE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>COINBASE, INC., COINBASE GLOBAL, INC., and DOES 1-50; and 2.05698427 BITCOINS,<br><br>  Defendants. | Case no. 1:23-CV-01408-ADA-HBK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT 2.05 BITCOINS**<br><br>DATE: November 16, 2023<br><br>TIME: 2:00 PM<br><br>COURTROOM: Yosemite Valley<br><br>HON. Helena M. Barch-Kuchta |

## I. BACKGROUND

Plaintiff Ryan Dellone filed this action on September 26, 2023 against Defendants, 2.05698427 bitcoins (the "**Bitcoin Defendant**"), Coinbase, Inc., Coinbase Global, Inc. (the "**Coinbase Defendants**"), and unidentified defendants presently named as DOES 1-50.

Plaintiff alleges that he is the owner of the 2.05 bitcoins currently located at the Bitcoin wallet with the public key address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm (the "***bc1 Wallet***"). Compl. ¶ 25.

The Bitcoin Defendant is either a valuable digital asset in which Plaintiff alleges he has personal property interests; or, is one or multiple presently unidentified individual(s), or at least one entity or organization that controls or is in possession of the ***bc1 Wallet***'s private key[1]. Compl. ¶¶ 25, 59 – 60.

The bitcoins currently located at the ***bc1 Wallet*** address are traceable to transactions sent from following Bitcoin wallet addresses:

- bc1qwp62svuvwsde5rv573h8uu0csjuewzup6dvclj;
- bc1qmfpphyfc38xf8ytmk8aeyr4sw70lr767tlzmqr; and
- 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj.

Mora Declaration, ¶ 8.

Plaintiff has been exceedingly diligent in his attempts to locate and identify the Bitcoin Defendant and discern its status, either as property (whether recoverable, lost, damaged, destroyed, seized, withheld, or encumbered for any reason), or as a person (whether domestic or foreign, entity or individual, government or private, adult or minor).

In June 2023, the U.S. Department of Justice (DOJ) emailed Plaintiff a letter containing information provided by the DOJ's "Victim Notification System." Id. ¶ 11. The DOJ's letter informed Plaintiff that he had been identified by law enforcement as a victim or potential victim during the investigation of a criminal case filed on December 9, 2021, in the U.S. District Court

---

[1] "Bitcoins are held at, and sent to and from, bitcoin 'addresses.' A bitcoin 'wallet' is a software file that holds bitcoin addresses. Along with each bitcoin address, a bitcoin wallet stores the 'private key' for the address, essentially a password used by the holder to access the bitcoins held at the address, as well as the transaction history associated with the address." *Sec. & Exch. Comm'n v. Shavers*, No. 4:13-CV-416, 2013 WL 4028182, at *1 (E.D. Tex. Aug. 6, 2013).

2

**MEMORANDUM ISO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT 2.05 BITCOINS**

1  for the District of New Jersey.

2  Months later, two Assistant U.S. Attorneys (AUSAs) in the DOJ's Newark, New Jersey office informed Plaintiff's counsel (undersigned), that the Victim Notification System letter was sent to Plaintiff erroneously, and that Plaintiff is not a victim in the case identified in the emailed letter; however, according to the AUSAs, grand jury secrecy rules substantially restrict the DOJ's ability to share even basic information regarding Plaintiff's status as a victim or potential victim in a different criminal matter. Id. ¶ 14.

The AUSAs have refused to confirm whether the DOJ has the **bc1 Wallet**'s private key, or the Bitcoin Defendant, in its custody. Id. ¶¶ 11 – 14.

On October 10, 2023, an attorney for the Coinbase Defendants informed Plaintiff's counsel via email that the Coinbase Defendants do not control the **bc1 Wallet**. Id. ¶ 17.

The last day by which Plaintiff is to effect service on all defendants pursuant to Federal Rule of Civil Procedure Rule 4, is December 26, 2023.

**Electronic Communications Sent on the Bitcoin Blockchain**

The scripting language used to send transactions between Bitcoin wallets includes a programming operations code (or "opcode"), called "OP_RETURN."[2] The OP_RETURN opcode is a machine language instruction that allows Bitcoin users to send small amounts of arbitrary data, including human-readable text messages, between wallets transacting on the Bitcoin blockchain. See id. ¶¶ 15, 18.

The OP_RETURN instruction is similar to the "memo" line at the bottom of a check, in that it provides limited space for the drawer (or sender) to include a brief, customizable message to the payee (recipient) on the record of the payment itself. In this analogy, the "transaction hash"[3] would be like the check, and the Bitcoin blockchain akin to the drawee's master ledger (if the master ledger were shared, and included a photocopy of every check, showing every message).

Every valid transaction between Bitcoin wallets is immutably recorded as a timestamped entry on the public Bitcoin blockchain ledger, which is widely-accessible online, in various forms,

---

[2] See Bitcoin Wiki, *OP_Return*, https://en.bitcoin.it/wiki/OP_RETURN; *accord* Bitcoin Core, *Resources*, https://bitcoin.org/en/resources (listing Bitcoin Wiki as a resource).
[3] An alphanumeric string that is unique to each transaction recorded on the Bitcoin blockchain.

THE LAW OFFICE OF ETHAN MORA
1040 E. HERNDON AVE., SUITE 105
FRESNO, CA 93720

THE LAW OFFICE OF ETHAN MORA
1040 E. HERNDON AVE., SUITE 105
FRESNO, CA 93720

1   free of charge. See, *e.g.*, Blockchair.com, *Bitcoin address:* [*bc1 Wallet*],
2   https://blockchair.com/bitcoin/address/bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm.
3   (Blockchair is a "blockchain explorer" website; it allows users of the site to search for
4   cryptocurrency wallets and transactions on various blockchains, without a service subscription).

5   Bitcoin transactions and messages sent using the OP_RETURN instruction are not private
6   communications—practically anyone with access to the internet, and anyone with an offline copy
7   of Bitcoin's "full node" (a distributed copy of the blockchain's entire transaction history) can view
8   these records at any time. See id.

9   On October 14, 2023, Plaintiff (through the undersigned counsel) sent two separate Bitcoin
10  transactions, using the OP_RETURN opcode, to the *bc1 Wallet*. Mora Decl. ¶ 18. The first
11  transaction includes the message, "LAWSUIT https://t.ly/123cv01408_service"; the second
12  transaction includes the message, "SERVICE - SUMMONS, COMPLAINT U.S. Dist. E.D. Cal.
13  LINK: t.ly/123cv01408_service". Id. Both communications (together, "Plaintiff's Service
14  Transactions") include a message with a short-form URL link directing to a webpage where
15  electronic versions of the summons and complaint are posted in a publicly-accessible form (*i.e.*,
16  t.ly/123cv01408_service). Id.

17  This Motion presents the following issue to be resolved by the Court:
18  1. Whether Plaintiff may serve the Bitcoin Defendant by sending an OP_RETURN
19     transaction to a specified Bitcoin wallet, where the transaction includes a message
20     containing a URL link that directs to a webpage on which electronic copies of the
21     documents to be served on the Bitcoin Defendant are posted; where the only known
22     information about the Bitcoin Defendant is the specified cryptocurrency wallet
23     addresses; and where courts in this circuit have authorized similar "electronic service"
24     (e.g., by email), on entities similarly situated to the Bitcoin Defendant (e.g., those
25     without physical locations, who have engaged in online activities using known forms
26     of electronic communications).

27  Plaintiff asks that the Court direct that the summons and complaint (the "Initial Service
28  Documents") may be served at the defendant's "public key" Bitcoin wallet address, by sending

4
**MEMORANDUM ISO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST
DEFENDANT 2.05 BITCOINS**

1  transactions containing an embedded message including a link to the Initial Service Documents,
2  with contemporaneous notice recorded on the public Bitcoin blockchain.
3        Such method is reasonably calculated to give actual notice to the Bitcoin Defendant
4  because it is the method the Bitcoin Defendant itself holds out to communicate with it; and because
5  the bitcoins located in the *bc1 Wallet* are valuable, and they cannot be transferred without
6  communicating electronically with the entire Bitcoin network—the Bitcoin Defendant is unable to
7  transfer any bitcoins from the *bc1 Wallet*, to another wallet, without inherently informing the
8  receiving wallet that the bitcoins being transferred to the receiving wallet are co-mingled with
9  assets that received Plaintiff's Service Transactions (actual notice).

## II. SERVICE BY ELECTRONIC MEANS IS AUTHORIZED UNDER FEDERAL AND STATE LAW

Federal Rule of Civil Procedure 4(e) authorizes service on an individual within the jurisdiction of the United States following state law for serving a summons. F.R.C.P. 4(e).

California expressly permits service "by electronic means" provided certain requirements are met. *See* CAL. CIV. PRO. CODE § 1010.6. Under California Code of Civil Procedure section 413.30, service must be reasonably calculated to give actual notice to the party being served. This aligns with constitutional due process requirements, which provide that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted).

Pursuant to Rule 4(f)(3), alternate service on an individual at a place not within any judicial district of the United States must be (1) directed by the court, and (2) not prohibited by international agreement. *See id.* at 1014. The Court has "sound discretion" for "determin[ing] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* In addition, the rule "should be liberally construed so long as a party receives sufficient notice of the complaint." *Caputo v. City of San Diego Police Dep't*, No. 16-cv-00943-AJB-BLM, 2018 U.S. Dist. LEXIS 146482, 2018 WL 4092010, at *4 (S.D. Cal. Aug. 28, 2018) (quoting *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Props.,*

1  *Inc.*, 284 F.3d at 1015 (internal quotations omitted) (citation omitted).

2        A party does not need to show that all feasible service alternatives have been exhausted before seeking authorization to serve process under Rule 4(f)(3). *Id.* at 1016. The party only needs to "demonstrate that the facts and circumstances of the . . . case necessitate[] the district court's intervention." *Id.* Ultimately, "[t]he method of service crafted by the district court must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (internal quotations and citation omitted).

      Under Rule 4(h)(2), the Ninth Circuit has permitted service by email on international corporations, partnerships, or associations, as early as 2002. See, e.g., *Rio Props.*, 284 F.3d at 1017-18 ("agree[ing] wholeheartedly" with the notion that "[c]ourts . . . cannot be blind to changes and advances in technology . . . No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office" (citation omitted)).

      In this circuit, courts have regularly upheld service by whatever form of electronic communication an entity with no physical address makes publicly available to contact the entity. See, e.g., *Rio Props.*, 284 F.3d at 1018-19 (holding that email service was constitutionally acceptable where it was "reasonably calculated to apprise [the defendant] of the pendency of an action and afford it an opportunity to respond"); *Optima Direct, LLC v. Yageo America Corp.*, No. 21-cv-02823-DMR, 2021 WL 6051738, at *2- 3 (N.D. Cal. Dec. 21, 2021) (citations omitted) (upholding service by email).

      For more than two decades, courts in the Ninth Circuit "have authorized a wide variety of alternative methods of service including publication . . . mail to the defendant's last known address . . . telex, . . . and email," *Rio Props., Inc.*, 284 F.3d at 1015-16; and more recently, U.S. District Courts in California have allowed service by social media communcations. *See*, e.g., *Nowak v. XAPO, INC.*, Case No. 20-cv-03643-BLF, 2020 WL 5877576, *4 (N.D. Cal. October 2, 2020) (service of process by Facebook and Twitter); *see also*, *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240 (LB), 2016 U.S. Dist. LEXIS 136152, at *2, *3 (N.D. Cal. Sep. 30, 2016) (Twitter); *UBS Fin. Servs. v. Berger*, No. 13-cv-03770 (LB), 2014 U.S. Dist. LEXIS 193761, at

6

**MEMORANDUM ISO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT 2.05 BITCOINS**

*2, *5 (N.D. Cal. Apr. 24, 2014) (LinkedIn).

Courts in various jurisdictions across the country have permitted service by social media, or by publication on websites, when defendants cannot otherwise be reached or are intent on evading service. See, e.g., *Transam. Corp. v. TransAm. Multiservs. Inc. et al.*, No. 1:18-cv-22483 (S.D. Fla. Sept. 18, 2018) [Dkt. No. 17] (permitting plaintiff to serve defendants at their email address and "via publication by posting a copy of the Complaint and Summons on the Internet website appearing at [a given] URL"); *K.A. v. J.L.*, 450 N.J. Super. 247, 253, 161 A.3d 154, 157 (2016) ("Given that the Facebook and Instagram accounts at issue are the sole conduits of the purported harm, service via Facebook is reasonably calculated"); *Baidoo v. BloodDzraku*, 48 Misc. 3d 309, 311-13, 5 N.Y.S.3d 709, 712-13 (N.Y. Sup. Ct. 2015) (permitting service solely by Facebook where plaintiff had no other way to find or contact evasive defendant); *Chanel, Inc. v. Partnerships & Unincorporated Ass'ns*, No. CV H-12-2085, 2012 WL 12894807, at *1-2 (S.D. Tex. Oct. 10, 2012) (finding service by email and website publication were reasonably calculated to give international defendants notice of the lawsuit); *In re Three Arrows Capital Ltd*, Case No. 22-10920 (MG) 2022 WL 17985969, (Bankr. S.D.N.Y. Dec. 29, 2022) (permitting service through social media in a bankruptcy case).

Permitting service through a blockchain transaction is not a completely novel concept either. In *LCX AG v. 1.27M U.S. Dollar Coin*, Index No. 15644/2022, Doc. No. 112 (N.Y. Sup. Ct. Aug. 22, 2022), the court held that service by a so-called "Service Token" was reasonably calculated under the circumstances, to provide notice under New York law. There, the plaintiff had shown that, because the cryptocurrency wallet to be served with notice contained valuable cryptocurrencies, the unknown doe defendants were likely to return to that wallet, at which point they would inevitably find the Service Token (and indeed, two attorneys subsequently filed Notices of Appearance on behalf of the doe defendants in that matter); the *LCX* court also noted that communicating with the doe defendants using a blockchain transaction was the only available means to communicate with the defendants. The facts here are almost identical.

Here, the Bitcoin Defendant controls (or is) the 2.05 bitcoins located in a specific Bitcoin wallet, which the Bitcoin Defendant used to receive over 2.05 bitcoins. The Bitcoin Defendant (or

someone acting on its behalf or on its authority) is likely to return to that wallet, because the wallet contains valuable digital property (over 2.05 bitcoins). Whenever the Bitcoin Defendant returns to, or even views (*e.g.*, using a blockchain explorer) that wallet, the Bitcoin Defendant will inevitably find the messages, provided by Plaintiff's Service Transactions, which include the link to the Initial Service Documents.

The Bitcoin Defendant can neither be transferred, nor transfer to another wallet, without using the ***bc1 Wallet***'s private key to communicate with the Bitcoin network and publicly confirm the Bitcoin Defendant's location, or its possession or control of the ***bc1 Wallet***, at the time of the transfer, as an immutable, timestamped record (transaction hash) on the public Bitcoin blockchain.

The Bitcoin Defendant is a proper party to this action because it controls, or is, the 2.05 bitcoins currently located at the ***bc1 Wallet***'s address. Plaintiff has established that he cannot serve the Bitcoin Defendant by any other manner. Blockchain addresses are the only information available regarding the Bitcoin Defendant's identity and whereabouts. An order permitting service by electronic communication on the Bitcoin blockchain is appropriate.

Because service in the manner proposed is reasonably calculated to provide notice, Plaintiff is not moving at this time to serve the Bitcoin Defendant via a separate California state alternative service provision—publication in a newspaper. CAL. CIV. PRO. CODE § 415.50 (generally authorizing service by publication in a newspaper and, where address known, mailing, when other service methods failed and publication is reasonably calculated to provide notice). Courts in the Ninth Circuit have authorized service via electronic communication pursuant to Section 413.30, prior to service by publication pursuant to Section 415.50, where the former is reasonably calculated to give notice of the action. See, e.g., *Steve McCurry Studios, LLC v. Web2Web Marketing, Inc.*, No. C 13–80246 WHA, 2014 WL 1877547, at*2-3 (N.D. Cal. May 9, 2014) (authorizing service by email under Section 413.30 and, only "if necessary," following such service by publication pursuant to Section 415.50).

### III. SERVICE BY U.S. MARSHALS IS AUTHORIZED AND SERVES JUDICIAL ECONOMY

The U.S. Marshals Service ("USMS") "serves as the primary custodian for DOJ's seized assets, including cryptocurrency. As of June 2021, the USMS managed nearly 200 DOJ

8

**MEMORANDUM ISO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT 2.05 BITCOINS**

cryptocurrency seizures comprised of 22 different types of seized cryptocurrency. In September 2021, [the USMS] valued these assets at about $466 million." U.S. Department of Justice | Office of the Inspector General, *DOJ OIG Releases Report on the U.S. Marshals Service's Management of Seized Cryptocurrency*, https://oig.justice.gov/news/doj-oig-releases-report-us-marshals-services-management-seized-cryptocurrency. More recent reporting suggests the value of the assets managed by the USMS is now worth substantially more. E.g., Coindesk, *US Officials Seize $3.6B in Bitcoin From 2016 Bitfinex Hack*, https://www.coindesk.com/policy/2022/02/08/us-officials-seize-bitcoin-from-2016-bitfinex-hack/ (published Feb. 8, 2022).

Federal Rule of Civil Procedure 4(c)(3) authorizes service "*By a Marshal or Someone Specially Appointed*":

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

Fed. R. Civ. P. 4(c)(3).

Plaintiff requests that the Court order service of process by a U.S. marshal, because virtually anyone can pseudonymously send OP_RETURN transactions to any Bitcoin wallet from anywhere in the world. Accordingly, bad actors worldwide are expected to capitalize on the OP_RETURN instruction and the public nature of the Bitcoin blockchain, by sending spam messages to Bitcoin (and other cryptocurrency) wallets, intending to harm innocent people or property, and causing digital assets to be wrongfully withheld, encumbered, blacklisted, or deanonymized. The prominent cryptocurrency tracing company and blockchain data platform, Chainalysis[4], highlighted precisely this issue in an article posted on its website earlier this year. Chainalysis, *Bitcoin in War: OP_RETURN Callouts of Russian Military Bitcoin Addresses Point to Blockchains' Growing Role in Geopolitical Conflict*, available at https://www.chainalysis.com/blog/russia-bitcoin-op-return-messages/ (posted April 26, 2023) (".

---

[4] Chainalysis, *About*, available at https://www.chainalysis.com/company/ ("We provide data, software, services, and research to government agencies, exchanges, financial institutions, and insurance and cybersecurity companies in over 70 countries. Our data powers investigation, compliance, and market intelligence software that has been used to solve some of the world's most high-profile criminal cases and grow consumer access to cryptocurrency safely.")

9

**MEMORANDUM ISO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT 2.05 BITCOINS**

1 . . starting on February 12, 2022 — weeks before the Russian invasion of Ukraine — and ending on March 14, 2022, an anonymous Bitcoin user sounded the alarm and called out nearly 1,000 addresses they claim belong to Russian security agencies. How did they do it? OP_RETURNs.").

While Plaintiff's position is that the Bitcoin Defendant has been properly served under Rule 4, the risk that pseudonymous persons will abuse this process and cause confusion about the legitimacy of communications and documents to which responses may be required under U.S. law, warrants service by U.S. Marshals as a matter of policy, practicality, and efficiency. Bitcoin transaction-messages are instant, can be sent from anywhere, at any time, and cost mere cents (or, at most, far less than traditional service methods). Further, the USMS already manages a sizeable number of Bitcoin wallets, and the method of service requested is directly line with the particular roles and responsibilities of the USMS.

In this case, sending an OP_RETURN transaction is the most effective, and the most economically efficient means of serving process on the Bitcoin Defendant, especially considering the time and additional efforts that would be required to communicate with the Bitcoin Defendant by another means or form.

Accordingly, the Court should order the U.S. Marshals, or a specially appointed person, to:

1.   Create new Bitcoin wallets (the "USM Service Wallets"), to be used solely for the purpose of serving the Bitcoin Defendant at the cryptocurrency addresses where the defendant is likely to receive actual notice;

2.   Send OP_RETURN transactions containing the message, "Official U.S. Court Service – [URL link to official government webpage]" (or a similar message), from the USM Service Wallets, to the following wallets, which are controlled or are likely used by the defendant:

- bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm
- bc1qwp62svuvwsde5rv573h8uu0csjuewzup6dvclj
- bc1qmfpphyfc38xf8ytmk8aeyr4sw70lr767tlzmqr
- 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj

3.   Post notice, or cause notice to be posted on an official government webpage or using a social media account—publicly disclosing that the U.S. Marshals have used the USM

THE LAW OFFICE OF ETHAN MORA
1040 E. HERNDON AVE., SUITE 105
FRESNO, CA 93720

Service Wallets in this action, and listing each wallet served, along with the corresponding hyperlinks to electronic versions of the documents served. See, *e.g.*, *Table 1*, below.

| | | | |
|---|---|---|---|
| *Table 1* <br> **(Example of public disclosure)** ||||
| Case | Wallet Served | USM Wallet | Documents |
| *Dellone v. Coinbase*, E.D. Cal. Case no. 1:23-CV-01408 | bc1qwp62svuvwsde5rv573h8uu0csjuewzup6dvclj | [Address] | [Link] |
| | bc1qmfpphyfc38xf8ytmk8aeyr4sw70lr767tlzmqr | [Address] | [Link] |
| | 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj | [Address] | [Link] |
| | bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm | [Address] | [Link]** |
| | | | **RESPONSE REQUIRED |

*Table 1*.

Plaintiff has provided physical paper copies of the required form USM285 to the U.S. Marshals. Mora Decl. ¶ 19. Upon the Court's order to instruct the U.S. Marshals to serve the defendant, Plaintiff will transfer the necessary amounts required as "advance deposits" or for "service fees" to be incurred in carrying out the service, to the U.S. Marshals (or to a person specially appointed by the Court), at the cryptocurrency wallet addresses they provide; and file a corresponding notice of submitting documents for service by U.S. Marshals, with the Court, as may be appropriate.

### IV. CONCLUSION

Based on the foregoing, Plaintiff requests that **(1)** the Court direct that service of process be made in this action on the Bitcoin Defendant, namely, *the 2.05 BITCOINS presently located at the Bitcoin public key wallet address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm, as of December 14, 2021*, by providing the defendant a Bitcoin transaction-message including a link to an electronic version of the summons and complaint, with contemporaneous notice posted on the

1  Bitcoin blockchain; and since Plaintiff provided those documents in the same manner on October
2  14, 2023, that **(2)** the Court order that Plaintiff has effectively served the Bitcoin Defendant with
3  those documents on that date; and because such method of service has been specifically requested
4  by Plaintiff, and because additional wallet addresses have been identified by Plaintiff as locations
5  where the defendant may receive electronic service, that **(3)** the Court order the U.S. Marshals or
6  a person specially appointed by the Court, to serve the Bitcoin Defendant in the manner Plaintiff
7  has requested.

**DATED:**   October 18, 2023          THE LAW OFFICE OF ETHAN MORA

                                By: /s/ Ethan E. Mora

                                Ethan E. Mora

                                *Attorney for Plaintiff Ryan Dellone*

**MEMORANDUM ISO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT 2.05 BITCOINS**