**BRYAN CAVE LEIGHTON PAISNER LLP**
Alexandra C. Whitworth (California Bar No. 303046)
Adam A. Vukovic (California Bar No. 301392)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070
Telephone:      (415) 675-3400
Facsimile:      (415) 675-3434
Email: alex.whitworth@bclplaw.com
       adam.vukovic@bclplaw.com
Attorneys for Defendants

**LAW OFFICE OF ETHAN MORA**
Ethan E. Mora (California Bar No. 317937)
1040 E Herndon Ave, Ste 105
Fresno, CA 93720
Telephone: (559) 370-1485
Email: ethanmoralaw@pm.me
*Attorney for Plaintiff*
RYAN DELLONE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DELLONE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COINBASE, INC., et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-01408<br><br>**JOINT SCHEDULING REPORT**<br><br>Date: December 14, 2023<br>Time: 10:45 a.m.<br>Location: Courtroom 6<br><br>Complaint Filed:　September 26, 2023<br>Trial Date:　　　　Not Assigned |

**1.　　Brief Summary of Factual and Legal Contentions**

**Plaintiff's Factual and Legal Contentions**

　　Plaintiff contends that Coinbase, Inc. and Coinbase Global, Inc. (together, "Coinbase" or "the Coinbase Defendants") misrepresented the quality of Coinbase's security, the benefits of Coinbase's user-authentication practices, and Coinbase's intention and ability to perform the

duties it owed Plaintiff pursuant to Coinbase's relationship as the custodian and bailee of Plaintiff's digital currencies and data assets. Plaintiff contends that Coinbase intentionally accessed Plaintiff's cryptocurrencies without authorization, and that Coinbase's employees, agents, or representatives exceeded authorized access to Plaintiff's digital currency wallets, and as a result of such conduct, caused damage and loss. Plaintiff contends he has suffered injuries stemming from Coinbase's loss, conversion, and unauthorized exposure of Plaintiff's valuable and confidential digital assets.

Plaintiff contends Coinbase trespassed to his digital property by exchanging his digital currencies; and Coinbase violated California Penal Code § 496 by aiding in obtaining and withholding the crypto-assets and "digital dollars" belonging to Plaintiff, which Coinbase knew to be stolen. Plaintiff contends that Coinbase has obtained personal property belonging to Plaintiff, by theft, and by knowingly withholding said property from Plaintiff.

Plaintiff further contends that Coinbase was unjustly enriched from the fraudulent transactions it effectuated without Plaintiff's authorization, and that Coinbase's facilitation of transactions and its representations and various other actions relating to digital securities and dollar-alternative assets, were violations of law.

Plaintiff contends that Coinbase has intentionally taken actions intended to deprive him of his legal rights, by unfairly wielding and misrepresenting Coinbase's obligations under certain provisions of the User Agreement. Plaintiff contends that Coinbase's arbitration provision of the User Agreement is unconscionable, as Coinbase has used it to discriminate against Plaintiff for seeking to exercise his statutory rights by enforcing de facto penalties on Plaintiff, locking him out of his account and attempting to extort him for reimbursement money.

Plaintiff contends that he owns and has the exclusive legal right to possess and recover or obtain restitution, if awarded, for the bitcoins presently located at the Bitcoin wallet, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm.

**Coinbase Defendants' Factual and Legal Contentions**

Defendants Coinbase, Inc. and Coinbase Global, Inc. dispute Plaintiff's allegations. Defendants also contend this dispute is subject to mandatory binding arbitration pursuant to an agreement between the Plaintiff and Coinbase. Defendants unequivocally reserve their right to arbitrate this dispute and in no way do they waive that right by submitting a joint scheduling report pursuant to the Court's order.

It appears Plaintiff failed to adequately protect his Coinbase account and other personal accounts, leading to his credentials being available online to third parties. From there, unknown third parties apparently executed a SIM Swap of Plaintiff's telephone and were able to access Plaintiff's Coinbase account and exfiltrate his cryptocurrencies. Coinbase denies any involvement in these transactions, and, from Coinbase's perspective, all transactions appeared to have been made and authorized by Plaintiff, using his verified credentials and devices.

In any event, this Court is not the appropriate forum to resolve this dispute. Instead, per the User Agreement between Plaintiff and Coinbase, any and all disputes between the parties shall be resolved in binding arbitration. The arbitration provision in the parties' agreement further requires that any threshold issues of arbitrability be delegated to an arbitrator to decide. As such, to the extent Plaintiff will not stipulate to stay this case and submit his claims to binding arbitration, Coinbase will move to compel arbitration of this dispute and stay these proceedings. Defendant Coinbase Global, Inc. is also not a proper party in this litigation because it is a holding company and does not itself offer services directly to users. There is no contractual relationship between the Plaintiff and Coinbase Global, therefore, Plaintiff is not entitled to any relief from Coinbase Global. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation .... is not liable for the acts of its subsidiaries."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (affirming grant of summary judgment in favor of defendant on plaintiff's negligence claim where plaintiff sued wrong corporate entity and defendant did not "own or operate" the property at issue).  That does not mean, however, that Plaintiff's claims against Coinbase Global are not arbitrable. They are. That is because "charges against a parent

company and its subsidiary [that] are based on the same facts and are inherently inseparable" are arbitrable "even if the parent is not formally a party to the arbitration agreement." *Marselian v. Wells Fargo & Co.,* 514 F. Supp. 3d 1166, 1172 (N.D. Cal. 2021) (quotation marks omitted). And for good reason. "If the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Sam Resifeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679, 681 (5th Cir. 1976). Because Plaintiff's claims against Coinbase Global are identical to those against Coinbase, Inc., they too are subject to arbitration.

**2.      Discovery and Pretrial Plan**

Pursuant to Fed. R. Civ. Proc. 26(f)(1), counsel for all parties – Ethan E. Mora on behalf of Plaintiff and Adam Vukovic on behalf of the Coinbase Defendants – held a telephonic conference on Tuesday, November 28, 2023 for the planning of discovery and other matters in this case

The parties request that the Court defer entering a scheduling order until the Court resolves Coinbase's motion to compel arbitration, assuming the parties do not stipulate to stay the matter and submit Plaintiff's claim to binding arbitration. This case is also not procedurally postured for discovery and pretrial scheduling because Plaintiff has represented he intends to amend his complaint to add additional claims and parties to the proceeding.

**MOTIONS**

Plaintiff filed a Motion for Alternative Service on October 18, 2023, seeking an order that Plaintiff has effectively served the Bitcoin Defendant with notice of summons and the Complaint. *See* ECF 6.

The Coinbase Defendants intend to file a motion to compel arbitration.

Plaintiff anticipates there may be the need for a motion to compel discovery on issues related to the alleged agreement between Plaintiff and the Coinbase Defendants. Defendants oppose discovery and discovery motion practice until the Court resolves the threshold issue of arbitrability.

**PROPOSED AMENDMENTS TO PLEADINGS**

Plaintiff intends to amend his Complaint to:

- Name AT&T Mobility, LLC and prospectively other parties a defendants;
- Add civil conspiracy claims and related allegations against defendants;
- Add BAILMENT (Common Law and Cal. Civ. Code §§ 1813 et seq.) and VIOLATION OF CAL. COMM CODE § 8507(b) claims against the Coinbase Defendants.

**3.    Settlement**

The parties have engaged in preliminary settlement discussions.

**4.    Jury Trial**

Plaintiff has demanded a jury trial.

It is Defendants' position that all of Plaintiff's claims against Coinbase are subject to a binding arbitration provision in the parties' agreement. To the extent Plaintiff will not stipulate to stay his claims against Coinbase and submit them to arbitration, Coinbase will move to compel arbitration.

**5.    Consent to a Magistrate Judge**

Plaintiff has consented to the jurisdiction of a magistrate judge. *See* ECF 7.

Defendants consent to the jurisdiction of a magistrate judge.

**6.    Phasing/Bifurcation**

To the extent Defendants refuse to provide records and information related to Plaintiff's use of Coinbase's services, Plaintiff anticipates the need for a phase of expedited discovery aimed at determining which specific agreement the Coinbase Defendants seek to enforce, and the date on which Plaintiff consented to the terms of the agreement (*e.g.*, records and information used by Coinbase to verify that Plaintiff consented to the terms of the agreement).

Defendants request that their motion to compel arbitration and stay proceedings be resolved prior to any further decision on discovery, phasing, or bifurcation.

**7.    Related Action(s)**

The parties acknowledge their continuing duty under Local Rule 123 to notify the judge of a related action pending in the Eastern District or elsewhere by filing a "Notice of a Related Action." The parties are not aware of any related actions at this time.

Dated: November 30, 2023     **BRYAN CAVE LEIGHTON PAISNER LLP**

By:   */s/ Adam Vukovic*
      Adam Vukovic
Attorneys for Defendants Coinbase, Inc. and Coinbase Global, Inc.

Dated: November 30, 2023     **LAW OFFICE OF ETHAN MORA**

By:   */s/ Ethan Mora (as authorized on 11/30/23)*
      Ethan Mora
Attorney for Plaintiff Ryan Dellone