UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RYAN DELLONE,<br><br>               Plaintiff,<br><br>     v.<br><br>COINBASE, INC., COINBASE GLOBAL, INC. and 2.05698427 BITCOINS AND OTHER VARIOUS DIGITAL CURRENCIES,<br><br>               Defendants. | Case No.  1:23-cv-01408-ADA-HBK<br><br>ORDER GRANTING IN PART MOTION FOR ORDER APPROVING ALTERNATIVE SERVICE[1]<br><br>(Doc. No. 6) |

Pending before the Court is Plaintiff Ryan Dellone's Motion for Order Permitting Alternative Service, filed on October 18, 2023.  (Doc. No. 6, "Motion").  Plaintiff seeks an order approving Plaintiff's efforts to serve Defendant 2.05698427 Bitcoins via electronic message, or alternatively, directing the United States Marshals Service to effectuate service upon Defendant 2.05698427 Bitcoins via electronic message.  (*See id*.).  For the reasons set forth below, the Court grants Plaintiff's Motion in part.

## I.      BACKGROUND

Plaintiff filed this action on September 26, 2023 against Defendants, 2.05698427 Bitcoins (the "Bitcoin Defendant"), Coinbase, Inc., Coinbase Global, Inc. (the "Coinbase Defendants"),

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1  and unidentified defendants presently referred to a as Does 1-50 in the Complaint.  (*See* Doc. No.

2  1).  Plaintiff alleges that he is the owner of the 2.05 bitcoins currently located at the Bitcoin wallet

3  with the public key address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm (the "bc1

4  Wallet").  (*Id*. at 5 ¶ 25).

5         Plaintiff has unsuccessfully attempted to locate and identify the Bitcoin Defendant and

6  discern its status, either as property and/or as a person.  (Doc. No. 6 at 5).  Efforts included

7  Plaintiff's counsel contacting the U.S. Attorney's Office (USAO) in the District of New Jersey

8  more than 20 times. (Doc. No. 6-1 at 3 ¶ 12).  The USAO initially advised Plaintiff that his

9  cryptocurrency property was seized as part of a criminal investigation; however, the USAO later

10  indicated this was erroneous and that further information on a criminal case involving Plaintiff's

11  property remained subject to a grand jury investigation.  (*Id*. at 2-3 ¶¶ 11-14).  Plaintiff has also

12  investigated whether the Coinbase Defendants control the Bitcoin wallets containing his stolen

13  property.  On October 10, 2023, counsel for the Coinbase Defendants advised they do not.  (*Id*. at

14  3 ¶ 17).  Thus, despite diligent efforts, Plaintiff has been unable to identify an individual or

15  business to whom service of the summons and complaint in this matter can be made to effectuate

16  service on the Bitcoin Defendant.

17         Plaintiff did undertake to personally serve the Bitcoin Defendant by sending an electronic

18  copy of the summons and complaint in this case to the bc1 Wallet using a Bitcoin code known as

19  OP_RETURN that accompanies a Bitcoin transaction, akin to the memo line of a check.  (Doc.

20  No. 6 at 5-6).  Specifically, on October 14, 2023, Plaintiff sent two separate Bitcoin transactions,

21  containing an OP_RETURN message, to the bc1 Wallet.  (*Id*. at 6).  The first transaction includes

22  the message, "LAWSUIT https://t.ly/123cv01408_service"; the second transaction includes the

23  message, "SERVICE - SUMMONS, COMPLAINT U.S. Dist. E.D. Cal. LINK:

24  t.ly/123cv01408_service."  (*Id*.).  Both communications included a message with a short-form

25  URL link to a webpage where electronic versions of the summons and complaint are posted in a

26  publicly accessible form.  (*Id*.).

27         In order to comply with Federal Rule of Civil Procedure 4(m), Plaintiff filed the instant

28  Motion on October 18, 2023, asking the Court to either find Plaintiff's previous method of service

of the summons and complaint acceptable under Rule 4(e), or to direct the U.S. Marshals Service ("USMS") or another specially appointed person to serve the Bitcoin Defendant in a manner specified in the Motion.  (*See generally id*.).

## II.      DISCUSSION

### Legal Standard Governing Motions for Alternative Service Under Rule 4(e)

Rule 4(e)(1) provides that service upon an individual can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case is California.  California law allows service to be made "as prescribed by the law of the place where the person is served."  Cal. Code Civ. P. § 413.10.  California expressly permits service "by electronic means" provided that certain requirements are met.  *See* Cal. Code Civ. P. § 1010.6; *see also Commodity Futures Trading Comm'n v. Ooki DAO*, 2022 WL 17822445, at *10 (N.D. Cal. Dec. 20, 2022)

Section 413.30 provides, "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."

Several federal district courts in California have approved various forms of electronic service as reasonably calculated to give actual notice to the party to be served.  *See, e.g.*, *Nowak v. XAPO, Inc*., 2020 WL 5877576, at *2 (N.D. Cal. Oct. 2, 2020) (permitting service of process via Facebook and Twitter); *Beqa Lagoon Support Services v. Hasselman*, 2020 WL 6271032 (S.D.Cal., Oct. 26, 2020) (finding service by email may satisfy Rule 413.30); *St. Francis Assisi v. Kuwait Fin. House*, 2016 WL 5725002, at *2 (N.D. Cal. Sep. 30, 2016) (discussing decision to grant "service by email, Facebook, and LinkedIn because notice through these accounts was reasonably calculated to notify the defendant of the pendency of the action and was not prohibited by international agreement"); *UBS Fin. Servs. v. Berger*, 2014 WL 12643321, at *2 (N.D. Cal. Apr. 24, 2014) (recounting court's decision to authorize service via defendant's "gmail address and through LinkedIn's 'InMail' feature"); *Tatung Co. v. Shu Tze Hsu*, 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015) ("Courts routinely authorize email service under Rule 4(f)(3)") (citing

cases).  Courts around the U.S. have specifically authorized service by electronic message combined with posting a copy of the summons and complaint on a public webpage.  *See, e.g., Transam. Corp. v. TransAm. Multiservs. Inc. et al.*, (S.D. Fla. Sept. 18, 2018) [Dkt. No. 17] (permitting plaintiff to serve defendants at their email address and "via publication by posting a copy of the Complaint and Summons on the Internet website appearing at [a given] URL"); *Chanel, Inc. v. Partnerships & Unincorporated Ass'ns*, 2012 WL 12894807, at *1-2 (S.D. Tex. Oct. 10, 2012) (finding service by email and website publication were reasonably calculated to give international defendants notice of the lawsuit).

The method of service utilized by Plaintiff here, while relatively novel, has been approved by a state court.  In *LCX AG v. 1.27M U.S. Dollar Coin*, Index No. 15644/2022, Doc. No. 112 (N.Y. Sup. Ct. Aug. 22, 2022), the New York state trial court found alternative service of a summons and complaint effective under New York state law when transmitted to Doe defendants via cryptocurrency token.  The court found the method of service reasonably calculated to provide actual notice to the Doe defendants because defendants regularly used the Blockchain address to which the tokens were sent and had recently done so.  (*Id.*).  Further, the account to which the tokens were sent contained a significant sum of money ($1.3 million), thus the court inferred the defendants were likely to access the account in the future.  (*Id.*).  Finally, the plaintiff had no alternative means of contacting these unknown defendants.  (*Id.*).

The method approved in *LCX AG* is largely the same as used by Plaintiff in this case.  And for similar reasons, the Court here finds that Plaintiff's service of the summons and complaint to the bc1 wallet is reasonably calculated to provide actual notice to the Bitcoin Defendant.  The bc1 wallet contains 2.05 bitcoins, currently valued at approximately $74,000.[2]  (*See* Doc. No. 6 at 7-8).  Thus, the Bitcoin Defendant or an authorized person is likely to return to access the assets in the account in the future.  When they do so, the Bitcoin Defendant will find Plaintiff's message, including the link to the service documents.  Further, given Plaintiff's unsuccessful efforts to find another means of contacting the Bitcoin Defendant, it appears that sending a message to the bc1 wallet is the only method likely to reach the Bitcoin Defendant.  The Court finds that the method

---

[2] See https://www.coinbase.com/price/bitcoin (last visited November 30, 2023).

of service Plaintiff employed to serve the Bitcoin Defendant meets the requirements of Cal. Code Civ. P. §§ 413.10 and 1010.6 because it is reasonably calculated to provide actual notice to the Bitcoin Defendant, who cannot otherwise be served with the summons and complaint.

In the alternative, Plaintiff asks the Court to direct the USMS to effectuate service by opening and funding a Bitcoin account and sending a series of messages to the bc1 wallet, essentially replicating the efforts already undertaken by Plaintiff.  (*See* Doc. No. 6 at 8-11).  Plaintiff points to the risks that malicious or spam OP_RETURN messages may pose to digital assets as a reason to standardize this process and order USMS or another Court-appointed individual to manage service.  (*Id*. at 11).  Plaintiff asserts doing so contributes to judicial economy.  (*Id*. at 8).  The Court fails to see how directing the USMS to undertake essentially the same steps that Plaintiff has already undertaken would be more efficient than simply approving Plaintiff's prior efforts to effectuate service.  Moreover, doing so does not appear to involve the risks posed by malicious OP_RETURN communications.  Here, unlike in the scenarios noted by Plaintiff, the *recipient* of the OP_RETURN communications—not the messenger—is the purported malicious actor.  Finally, while Plaintiff notes that the USMS already manages a large volume of seized cryptocurrency assets, Plaintiff cites to no precedent authorizing the USMS to effectuate service in this way for a civil case.  (*Id*. at 12).  Because the Court finds the method utilized by Plaintiff on October 14, 2023 satisfies Rule 4, the Court need not direct duplicate service by the USMS on the Bitcoin Defendant.

Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion for Order Permitting Alternative Service (Doc. No. 6) is GRANTED to the extent set forth above.

Dated:    December 14, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE