1   **WANGER JONES HELSLEY PC**
    Patrick D. Toole (SBN 190122)
2   Ethan E. Mora (SBN 317937)
    265 E. River Park Circle, Suite 310
3   Fresno, California  93720
    Telephone: (559) 233-4800
4   Facsimile:  (559) 233-9330
    ptoole@wjhattorneys.com
5   emora@wjhattorneys.com

6
    *Attorneys for Plaintiff Ryan Dellone*
7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

     RYAN DELLONE,                          Case No. 1:23-cv-01408-KES-HBK
11
                 Plaintiff,
12
          v.                                **MEMORANDUM OF POINTS AND**
13                                           **AUTHORITIES IN SUPPORT OF**
                                             **PLAINTIFF'S MOTION FOR ENTRY OF**
14   COINBASE, INC. [*dismissed*], AT&T      **DEFAULT JUDGMENT AGAINST**
     MOBILITY, LLC, [*dismissed*], 2.05698427 **DEFENDANT 2.05698427 BITCOINS**
15   BITCOINS, and DOES 1-50,

16
                 Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT 2.05698427 BITCOINS

Plaintiff RYAN DELLONE ("Plaintiff"), by and through undersigned counsel, submits the following Memorandum of Points and Authorities in support of his Motion for Entry of Default Judgment Against Defendant 2.05698427 BITCOINS, filed herewith:

## I. <u>PRELIMINARY STATEMENT</u>

This is an action to recover, take possession of, and determine Plaintiff's exclusive rights in and to bitcoins (personal property) named in Plaintiff's complaint as Defendant 2.05698427 BITCOINS, which were stolen from Plaintiff on December 14, 2021. Plaintiff's complaint was first served on Defendant 2.05698427 BITCOINS on October 14, 2023. At no point since then have any person(s) presently controlling on in possession of Defendant 2.05698427 BITCOINS responded or appeared in this matter. Accordingly, the Clerk of Court has entered the default of Defendant 2.05698427 BITCOINS. Plaintiff now seeks entry of default judgment against Defendant 2.05698427 BITCOINS in favor of Plaintiff on Plaintiff's claim for Replevin (Claim and Delivery), and an order requiring that any person(s) presently in control or possession of Plaintiff's property, or who may, at any time in the future come to control or possess Plaintiff's property, immediately deliver those bitcoins to Plaintiff.

## II. <u>BACKGROUND</u>

Plaintiff filed his original complaint in this action on September 26, 2023 against Defendants Coinbase, Inc., Coinbase Global, Inc., 2.05698427 BITCOINS and various other digital currencies, and DOES 1-50. (ECF No. 1.) On January 31, 2024, Plaintiff filed his First Amended Complaint against Defendants Coinbase, Inc., AT&T Mobility LLC, 2.05698427 BITCOINS, and DOES 1-50. (ECF No. 18.) Plaintiff's First Amended Complaint (hereinafter, "Plaintiff's complaint" or "FAC") alleges twenty (20) claims for relief in total. (Id.) As detailed below, Defendants Coinbase, Inc. ("Coinbase") and AT&T Mobility LLC ("AT&T") have been dismissed from this case; the Clerk has entered the default of Defendant 2.05698427 BITCOINS; and Plaintiff has not yet been able to ascertain the true names of any of the remaining Defendants.

Five (5) of Plaintiff's claims remain: against Defendant 2.05698427 BITCOINS (the "Bitcoin Defendant") for (i) Replevin (Claim and Delivery); and against DOES 1-50, inclusive, ("Doe Defendants") for (ii) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), (iii) Trespass to Chattels, and (iv)/(v) Conversion/Constructive Trust.

**A.**      J<small>URISDICTION AND</small> V<small>ENUE</small>

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case presents fundamental questions pertaining to, or otherwise interpreting or applying the CFAA. (ECF No. 18, ¶ 23.) Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims, as those claims are derived from a common nucleus of operative facts. (Id. at ¶ 24.)

This Court also has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a)(2) because the bitcoins at issue are worth well over $75,000, and Plaintiff is completely diverse from the Bitcoin Defendant, as Plaintiff is a resident of California, and any person or persons who may possess or control the property at issue in this action may be located anywhere in the world. (See, id. at ¶ 22.) The Bitcoin Defendant is, itself, a decentralized store of digital value that may be controlled by, or simultaneously in the possession of multiple persons, at all once, and those persons may geographically located in California or elsewhere. (Mora Decl., ¶ 5.)

This Court's jurisdiction over Plaintiff's claim for Replevin is independently established, not only by diversity[1], but by Plaintiff's service on the property named, *in rem*, as Defendant 2.05698427 BITCOINS.  This Court has jurisdiction over the bitcoins at issue—which at all relevant times, were located in this jurisdiction—because Plaintiff filed his claim in this Court and served the Bitcoin Defendant according to process approved by this Court's Order (see ECF No. 17; as recounted further below).

"In the early case of *Farmers' Loan & Trust Co. v. Lake Street El. R. Co.*, 177 U.S. 51, 20 S.Ct. 564, 568, 44 L.Ed. 667, the rule followed since was announced by the court as follows: 'As between the immediate parties, in a proceeding in rem, jurisdiction must be regarded as attaching when the bill is filed and process has issued, * * * .'" *U.S., for Use of Reconstruction Fin. Corp., v. Certain Parcels of Land in City of Los Angeles, Los Angeles Cnty., Cal.*, 62 F. Supp. 1017, 1021 (S.D. Cal. 1945). Therefore, notwithstanding the new form of property that is the subject of this action, this Court's exercise of jurisdiction is consistent with the long-recognized principle "applicable to both federal and

---

[1] *See*, *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) ("Where, as here, a district court applies state substantive law in an action brought under § 1332, it rests on the same principle: a plaintiff is entitled to the benefit of the California "Doe" statutes which allow the use of fictional defendants at this stage of the litigation."). *See* Cal.Civ.Proc.Code § 474 (a so-called "Doe" statute).

state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, [which] is not restricted to cases where property has been actually seized under judicial process . . . but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. (Citing cases.) The doctrine is necessary to the harmonious cooperation of federal and state tribunals. (Citing *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331. (1936)))." *Princess Lida of Thurn et al. v. Thompson et al.*, 1939, 305 U.S. 456, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939).

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District, Plaintiff possessed and controlled the property at issue in and from this District, and because, as of December 14, 2021, Defendant 2.05698427 BITCOINS was present in, and may still be considered to be located in this District. (See ECF No. 18 (FAC), at ¶ 26.)

**B.    PARTIES**

   **1.   Plaintiff Ryan Dellone**

Plaintiff Ryan Dellone is an individual citizen and a resident of Fresno, California. Plaintiff's complaint alleges he has the exclusive right to possess and control the Bitcoin Defendant, which was present in, or controlled from Fresno, California in and on December 14, 2021. (Id. at ¶¶ 19, 528.)

   **2.   Defendant 2.05698427 BITCOINS**

Plaintiff has named the 2.05698427 bitcoins located at the Bitcoin Wallet with the public key address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm, as Defendant 2.05698427 BITCOINS. The Bitcoin Defendant is personal property (*i.e.*, 2.05698427 bitcoins) that, through no fault of Plaintiff's, and without Plaintiff's permission, consent, or prior knowledge, was transferred from Plaintiff's possession to the bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet, on December 14, 2021. (Id. at ¶ 528.) The bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet presently contains Plaintiff's bitcoins, and is distinctively characterized by its unique public key address and its receipt of "OP_RETURN" transactions that contain text relating to this litigation. (Id. at ¶ 17.)

//

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT 2.05698427 BITCOINS

**3.  Defendants AT&T Mobility LLC and Coinbase, Inc. Have Been Dismissed**

Pursuant to the Court's Minute Order entered on August 26, 2024 (ECF No. 32), this action was dismissed in its entirety, with prejudice, as to AT&T only. Pursuant to the Court's Minute Order entered on September 13, 2024 (ECF No. 40), this action was dismissed in its entirety, with prejudice, as to Coinbase only. The Court's Orders dismissing Coinbase and AT&T confirm this case remains pending against the remaining defendants, including, the Bitcoin Defendant.

**4.  Doe Defendants**

The true names of the Doe Defendants (DOES 1-50) are presently not known to Plaintiff, however, Plaintiff's complaint identifies these Doe Defendants as entities unaffiliated with AT&T or Coinbase, and/or cyber hackers and/or scammers, current or former employees, representatives, or agents of, or persons for whom neither AT&T nor Coinbase would be liable. (FAC, ¶ 18 (ECF No. 18).)

**C.  RELEVANT ALLEGATIONS STATED IN PLAINTIFF'S COMPLAINT**

This Motion is based, in part, on the following facts alleged in Plaintiff's complaint, none of which have been or reasonably can be disputed:

(i)  "This is an action to recover possession of personal property." (FAC, ¶ 526.) The personal property at issue is 2.05698427 bitcoins transferred from the Bitcoin Wallet with the public key address, 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj, in a transaction recorded on the Bitcoin blockchain with the following Bitcoin transaction ID: dbaba1aad772b7e62995668f69ddf73d4d20031f5fe15cd4d23a618e831c1fe1). (Id. at ¶ 527.) The public key Wallet address for the Bitcoin Wallet to which Plaintiff's bitcoins were transferred is: bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm (referenced in Plaintiff's complaint, and herein this Section II, subsection C, as the "bc1 Wallet," and elsewhere in this Motion as the "bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet" or the "Bitcoin Defendant"). (Id. at ¶ 113.) Prior to receiving the bitcoins from the 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj Bitcoin Wallet, the bc1 Wallet had no transaction history (*i.e.*, no transactions had ever been sent to, or from, the bc1 Wallet), and the bc1 Wallet had never been associated with Plaintiff in any way whatsoever. (Id. at ¶ 114.) According to the Bitcoin blockchain's publicly-accessible ledger, at 11:44 pm UTC (3:44 pm PST), the bc1 Wallet received bitcoins from the 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj Bitcoin

1    Wallet in a transaction involving 91 recipient Bitcoin Wallets (including the bc1 Wallet), which

2    collectively received a total of 4.98976442 BTC. The transaction ID for this transaction is:

3    dbaba1aad772b7e62995668f69ddf73d4d20031f5fe15cd4d23a618e831c1fe1. (Id. at ¶ 115.)

4              (ii)      "Plaintiff claims all rights and exclusive legal title to, and ownership of the

5    bitcoins currently held in or associated with the Bitcoin public key Wallet address,

6    bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm." (Id. at ¶ 19.) "Plaintiff owned and has the right to

7    possess the *res*, and not just a mere right to payment for the value of the *res*." (Id. at ¶ 530.) The *res* (the

8    Bitcoin Defendant) was wrongfully taken from Plaintiff on December 14, 2021, and the *res* was

9    transferred from the 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj Bitcoin Wallet, to the bc1 Wallet,

10   without Plaintiff's knowledge, permission, or consent, and through no fault of his own. (Id. at ¶ 528.)

11             (iii)     "The *res* has not been taken for any tax assessment or fine pursuant to law, nor

12   has the *res* been taken under an execution or attachment, and the *res* is not exempt from execution." (Id.

13   at ¶ 534.) On December 14, 2021, a person who controlled or possessed the private key or seed phrase

14   necessary to transfer the bitcoins from the bc1 Wallet intentionally exercised control, or continue to

15   exercise control, over the bitcoins currently associated with the bc1 Wallet, in a manner that excludes

16   Plaintiff from using or possessing the *res*. (Id. at ¶ 531). Plaintiffs did not consent to the taking of the

17   *res* from him (id. at ¶ 532), and such conduct was a substantial factor in the dispossession of the res

18   affecting Plaintiff, (id. at ¶ 533). The *res* has been unlawfully detained, and has not been returned to

19   Plaintiff as of the date Plaintiff filed his complaint. (Id. at ¶ 535.)

20             (iv)      The Bitcoin Defendant is "personal property uniquely characterized by its receipt

21   of 'OP_RETURN' transactions containing text relating to this litigation, which is hosted on the publicly-

22   accessible Bitcoin blockchain, and which is located at, and identifiable by the Bitcoin public key address,

23   bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm." (Id. at ¶ 17.)

24   **D.    CASE BACKGROUND AND PROCEDURAL HISTORY**

25        **1.   Plaintiff's Diligent Attempts to Locate Any Persons Controlling His Property**

26             Despite his diligent efforts, Plaintiff has been unable to identify any person who controls the

27   bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet or possesses the private key or seed

28   phrase necessary to transfer the bitcoins from that Bitcoin Wallet. (Dellone Decl, ¶ 10.) No person

1  contests or has indicated any intent to dispute Plaintiff's alleged rights in and to the Bitcoin Defendant.

2  (Id. at ¶ 9.)

3        Since initiating this action, Plaintiff's counsel (undersigned) has monitored and routinely

4  reviewed the Bitcoin blockchain and conducted regular searches for transactions which are or may be

5  related       to      the      Bitcoin      Wallet      with      the      public      key      address,

6  bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm. (Mora Decl., ¶ 15.) The undersigned has also

7  conducted routine searches for similar factual patterns and relevant information in publicly-available

8  criminal and civil court filings and notices posted on Forfeiture.gov. (Id.) No relevant forfeiture notices

9  or court filings related to the property at issue, or to the facts or circumstances alleged in Plaintiff's

10 complaint have been discovered. (Id.) Nevertheless, the U.S. Attorney's Office for the District of New

11 Jersey may still be investigating the unlawful computer hacking and trespassory conduct described in

12 Plaintiff's complaint; however, an Assistant U.S. Attorney from the New Jersey U.S. Attorney's Office

13 has informed Plaintiff's counsel that, due to grand jury secrecy laws, no information concerning a

14 prospective criminal action in which Plaintiff has been identified as a victim can be disclosed at this

15 time. (Id. at ¶ 16.)

16       In the event the New Jersey U.S. Attorney's Office or any other law enforcement agency does

17 eventually bring a criminal case involving the bitcoins Plaintiff has alleged he owns and, by this action,

18 seeks to possess, Plaintiff has provided those entities adequate notice of Plaintiff's allegations and the

19 relief he is presently pursuing. (See ECF No. 17 (Order on Plaintiff's Motion for Approving Alternative

20 Service) ("the Bitcoin Defendant or an authorized person is likely to return to access the assets in the

21 account in the future. When they do so, the Bitcoin Defendant will find Plaintiff's message, including

22 the link to the service documents. Further, given Plaintiff's unsuccessful efforts to find another means

23 of contacting the Bitcoin Defendant, it appears that sending a message to the bc1 wallet is the only

24 method likely to reach the Bitcoin Defendant. The Court finds that the method of service Plaintiff

25 employed to serve the Bitcoin Defendant meets the requirements of Cal. Code Civ. P. §§ 413.10 and

26 1010.6 because it is reasonably calculated to provide actual notice to the Bitcoin Defendant, who cannot

27 otherwise be served with the summons and complaint."))

28 //

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT 2.05698427 BITCOINS

**2.**  **Clerk's Entry of Default Against Defendant 2.05698427 BITCOINS**

On December 14, 2023, this Court entered an Order granting, in relevant part, Plaintiff's motion for approval of the alternative service method for the Bitcoin Defendant. (ECF No. 17.) The Court's Order reflects that, on October 14, 2023, Plaintiff served the Bitcoin Defendant, in accordance with Fed. Civ. Proc. Rule 4, Cal. Code Civ. P. §§ 413.10 and 1010.6, in a manner sufficient to provided notice to any person or persons controlling or possessing the subject property, or who may claim an interest in those bitcoins, which and whom Plaintiff identifies as the Bitcoin Defendant. (See id.)

The summons, the original complaint, and the FAC, as well as all pertinent case documents filed in this action, have been served on the Bitcoin Defendant in the following manner: Pursuant to the Court's Order approving Plaintiff's alterative form of service, the Bitcoin Defendant was served by OP_RETURN transactions recorded on the Bitcoin blockchain, which include messages that provide the link to a publicly-accessible online file repository (Google Drive) containing the summons, Plaintiff's complaint, and the pertinent case documents, including this Motion. (Mora Decl., ¶¶ 9-12, 18.) These "Service Transactions" are identifiable by the Bitcoin transaction hash ID, 3f6d743409afbfd1da359ed94c1a70dab01791f1c21a7aa7de5c6b0843e6df78 (executed October 14, 2023), and Bitcoin transaction hash ID, c6e20e81c1d93c1e085be8b4dc9cc30f63e0621dc90b3b252c44f904e4d6c37b (executed August 13, 2024). Proof of the executed service on the Bitcoin Defendant is evidenced by the Court's Order approving Plaintiff's alterative method of service, and the blockchain records of the Service Transactions, which are publicly-viewable online at, https://www.blockchain.com/explorer/transactions/btc/3f6d743409afbfd1da359ed94c1a70dab01791f1c21a7aa7de5c6b0843e6df78, and at https://www.blockchain.com/explorer/transactions/btc/c6e20e81c1d93c1e085be8b4dc9cc30f63e0621dc90b3b252c44f904e4d6c37b. (Id. at ¶ 12.)

On September 16, 2024, the Clerk of Court entered default of the Bitcoin Defendant by application of Plaintiff upon the Bitcoin Defendant having been duly served with process and having failed to appear, plead, or answer Plaintiff's complaint within the time allowed by law. (ECF No. 41.) Subsequently, on November 29, 2024, a copy of the instant Notice of Motion and Motion, this

1  Memorandum of Points and Authorities, and the supporting declarations of Ethan E. Mora and Ryan

2  Dellone filed herewith, will be uploaded to the online file repository referenced in the Service

3  Transactions (t.ly/123cv01408_service), consistent with this Court's Order approving the alternative

4  method of serving the Bitcoin Defendant, upon filing with the Court. (Mora Decl., ¶ 18.)

5  ### III.  DISCUSSION

6  **A.  LEGAL AUTHORITY**

7  Pursuant to Federal Rules of Civil Procedure, Rule 55, obtaining a default judgment is a two-

8  step process. Entry of default is appropriate as to any party against whom a judgment for affirmative

9  relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil

10  Procedure, and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). The

11  decision to grant a motion for entry of default judgment is within the discretion of the court. *PepsiCo,*

12  *Inc. v. California Security Cans*, 238 F.Supp.1172, 1174 (C.D. Cal. 2002) ("*Cal. Sec. Cans.*").

13  Generally, once default has been entered, "the factual allegations of the complaint, except those

14  relating to damages, will be taken as true." *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012)

15  (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also*, *Cripps v. Life Ins.*

16  *Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("In reviewing a default judgment, this court

17  must take the well-pleaded factual allegations of [the complaint] as true."); Fed.  R. Civ. P. 8(b)(6) ("An

18  allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is

19  required and the allegation is not denied.").

20  Rule 55(b)(2) permits the Court to conduct hearings or make referrals when, to enter or effectuate

21  a default judgment, the Court needs to: (A) conduct an accounting; (B) determine the amount of

22  damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter. Fed.

23  R. Civ. P. 55.  While the amount of damages must be proven at an evidentiary hearing or through other

24  means, *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008), here, Plaintiff does not

25  seek an award of monetary damages on his claim for Replevin, but rather a judgment awarding him the

26  right to possess the specified property, and establishing his right his rights and exclusive legal title to,

27  and ownership of the bitcoins traceable to the Bitcoin public key Wallet address,

28  *bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm*. The relief sought by entry of a default judgment must

not be different in kind than demanded in the pleadings, Fed. R. Civ. P. 54(c), and here, the relief requested is not different in kind than demanded in Plaintiff's complaint, nor does the relief require complex assessment to prove of the amount of damages.

In ruling on motion for default judgment, the court may consider documents that are not attached or explicitly referenced by the complaint. *Neilson v. Union Bank of Cal.*, NA., 290 F.Supp.2d 1101, 1114 (C.D. Cal. 2003). Under the incorporation by reference doctrine, a court may consider a document other than the complaint, when plaintiff's complaint necessarily relies on the document and its authenticity is uncontested. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *see also In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). To the extent incorporation of additional documents may be necessary to establish the allegations set forth in Plaintiff's complaint, Plaintiff intends to incorporate by reference his Request for Clerk to Enter Default Against Defendant 2.05698427 BITCOINS and the declarations submitted in support thereof and appended thereto (ECF No. 35.), along with this Memorandum and the declarations of Ethan E. Mora and Ryan Dellone, submitted herewith.

**B. PLAINTIFF'S MATERIAL ALLEGATIONS AS TO REPLEVIN CLAIM ARE DEEMED ADMITTED**

Plaintiff brings his action in Replevin seeking to recover and establish his rights in and to the personal property (*i.e.*, bitcoins) located at the Bitcoin Wallet with the public key address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm. By defaulting, all the material allegations in Plaintiff's complaint, which establish Plaintiff's right to exclusively and immediately possess the specified bitcoins, are deemed admitted by any person or persons who control or possess the subject property (or *res*; the Bitcoin Defendant).

**1. Plaintiff Has Proven His Claim For Replevin (Claim and Delivery)**

"The gist of an action of replevin is *the right of possession* of property in the plaintiff. Further, the primary purpose of a replevin proceeding is to test the right of possession of personal property and to place the successful party in possession of that property." 66 Am. Jur. 2d Replevin § 1 (citations omitted) (emphasis added). The Federal Rules of Civil Procedure specifically characterize replevin as an approved remedy, which may be governed by the appropriate state law. Fed.R.Civ.P. 64 (a) ("throughout an action, every remedy is available that, under the law of the state where the court is

1   located, provides for seizing a person or property to secure satisfaction of the potential judgment."); (b)

2   ("The remedies available under this rule include the following—however designated and regardless of

3   whether state procedure requires an independent action: . . . replevin . . . .").

4        In California, courts allow for recovery of personal property under a claim for replevin (though

5   California courts generally use the term "claim and delivery" rather than "replevin"). *See Fran-Well*

6   *Heater Co. v. Robinson*, 182 Cal. App. 2d 125 (1960); Cal. Civ. Code § 3379; Cal. Code Civ. P. §

7   511.010 et seq. In order to prove the right to possess personal property under California's claim and

8   delivery statute (Cal. Civ. Code Civ. P § 512.010), a plaintiff must show: (1) entitlement to possession;

9   (2) wrongful detention by defendant; (3) a description of the property; and (4) that the property has not

10  been taken for a "tax, assessment, or fine, pursuant to a statute; or seized under an execution against the

11  property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure." Cal. Civ.

12  Code. Civ. P § 512.010(b). These requirements may be satisfied by affidavits. Id. § 512.010(c).

13       This Court has previously consolidated the four state law "replevin" elements into two: (1)

14  plaintiff's right to possession and (2) defendant's wrongful possession. *BMO Harris Bank N.A. v. Singh*,

15  No. 116CV00482DADSAB, 2016 WL 5798841, at *7 (E.D. Cal. Oct. 4, 2016) ("An action for claim

16  and delivery requires a plaintiff to show a right to possession and the defendant's wrongful possession

17  of the property at issue. *Id.*; *see Stalcup v. Liu*, No. 11-00002-JSW, 2011 WL 1753493, at *6 (N.D. Cal.

18  April 22, 2011); Cal. Civ. Code § 3379; Cal. Civ. Proc. Code § 512.010.").

19       The personal property as issue in this action is the sum of 2.05698427 bitcoins, which is presently

20  located at the bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet. (Dellone Decl., ¶ 4-8.)

21  This so-called "Bitcoin Defendant" and/or any person who may control or be in possession of the

22  bitcoins presently located at the aforementioned Bitcoin Wallet, is wrongfully in possession of the "*res*."

23  (Id., ¶ 10-11.) To Plaintiff's knowledge, the bitcoins have not been taken for a tax, assessment, or fine,

24  pursuant to a statute. (Id., ¶ 9.)

25       In California, a writ of replevin is also known as a writ of possession, and such a writ may issue

26  after "plaintiff has established the probable validity of the plaintiff's claim to possession of the property"

27  and the undertaking requirements are satisfied. Cal. Civ. Proc. Code § 512.060. The term "probable

28  validity" means that "it is more likely than not that the plaintiff will obtain a judgment against the

defendant on that claim." Id. § 511.090. Cal. Civ. Proc. Code § 512.010. Where, as here, a plaintiff seeks a judgment on a claim for possession, rather than a pre-judgment writ of possession, the probable validity of the plaintiff's claim is determined by issuance of the judgment. Probable validity seems to have been already established by entry of the Clerk's Default. (See ECF No. 41.) Nevertheless, Plaintiff's complaint, and the declarations filed herewith, demonstrate Plaintiff has the right to possess the subject property, and that anyone who may have possession of said property is in wrongful possession.

Accordingly, under California Code of Civil Procedure, section 512.010, Plaintiff is entitled to a judgment awarding Plaintiff possession of, or the right to take possession of the bitcoins identified in this action as "the Bitcoin Defendant."

**2.  Statement of Damages; Proximate Cause**

On a motion for default judgment, "[p]laintiff's burden in 'proving up' damages is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default." *Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.,* 973 F.2d 155, 159 (2d Cir.1992)). Plaintiff's damages on his claim for Replevin are the bitcoins of which he has been deprived since December 14, 2021. By his action in Replevin, Plaintiff seeks to possess the subject property itself, and therefore his damages are the deprivation of his rights and his property.

Plaintiff has established proximate cause, in that his complaint and the papers on file with this Court allege facts sufficient to prove the Bitcoin Defendant (the bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet) wrongfully received Plaintiff's bitcoins. The U.S. Dollar value of Plaintiff's bitcoins on December 14, 2021 (the date Plaintiff's bitcoins were stolen), was $101,762.51. ((FAC) ECF No. 18, pp. 84-85)). At 2:30 p.m. PST on November 29, 2024, the sum value of the bitcoins, or the collective U.S. Dollar value of the 2.05698427 bitcoins named in this action as Defendant 2.05647153 BITCOINS, was $200,430.49. (Dellone Decl., ¶ 12.)

**C.  THE *EITEL* FACTORS FAVOR ENTRY OF DEFAULT JUDGMENT**

The Ninth Circuit has set forth the following seven factors a district court may consider in exercising its discretion to award a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

12

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT 2.05698427 BITCOINS

1   stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

2   due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure

3   favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir.1986). "In applying

4   this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-*

5   *Mex, Inc.,* 189 F.R.D. 431, 432 (C.D.Cal.1999).

6   Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ.

7   P. 55(a), and Fed. R. Civ. P. 54(c). Plaintiff has served the Bitcoin Defendant with the summons and

8   complaint (Mora Decl., ¶¶ 9-12); caused the clerk to enter the default against the Bitcoin

9   Defendant, (ECF No. 41); stated that Defendant is not a minor or incompetent lacking adequate

10  representation (Mora Decl., ¶ 6); stated that Defendant is not in the military or otherwise exempt under

11  the Soldiers' and Sailors' Civil Relief Act of 1940 (id.); and upon filing this Motion will notify the

12  Bitcoin Defendant of the application for default judgment (id. at ¶18). Because Plaintiff is not requesting

13  relief that differs from or exceeds the relief prayed for in Plaintiff's complaint, the application for default

14  judgment complies with FRCP 54(c), and the Court need only analyze the *Eitel* factors to determine

15  whether default judgment is appropriate.

16  The *Eitel* factors favor entering judgment in this matter.

17  **1. Prejudice to Plaintiff if Default Judgment is Not Granted**

18  If default judgment is not entered, then unless a person who controls or is in possession of

19  Plaintiff's bitcoins actually appears in this action, Plaintiff will be denied the requested relief to which

20  he is entitled on his Replevin claim. Specifically, "Plaintiff . . . has the right to possess the *res*, and not

21  just a mere right to payment for the value of the *res*." (FAC, ¶ 530). Despite the adequate notice Plaintiff

22  has provided, no person controlling, in possession of, or claiming any right to Plaintiff's property have

23  appeared in this action, and such persons may never appear. Absent entry of default judgment, Plaintiff

24  will not be able to establish his right to possess the bitcoins at issue or take further actions based on his

25  authority to take possession thereof. Therefore, this factor weighs in favor of granting default judgment.

26  **2. Plaintiff's Substantive Claim is Meritorious**

27  Plaintiff's complaint alleges facts sufficient to satisfy the necessary elements for Plaintiff to

28  prevail on his claim for Replevin. Plaintiff's complaint alleges that "Plaintiff claims all rights and

1   exclusive legal title to, and ownership of the bitcoins currently held in or associated with the Bitcoin

2   public key Wallet address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm." (FAC, ¶ 19). Plaintiff's

3   complaint also alleges that the Bitcoin Defendant was wrongfully taken from Plaintiff on December 14,

4   2021, and that those bitcoins were transferred from the 3DcopM3iaoL2siD3BgGpGoENFwa5anJoKj

5   Bitcoin Wallet, to the bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet, without

6   Plaintiff's knowledge, permission, or consent, and through no fault of his own. (Id. at ¶ 528.) Plaintiff's

7   claim is meritorious and, thus, this factor weighs in favor of granting default judgment.

8       **3.   <u>The Allegations of the Complaint are Sufficiently Pled</u>**

9          As stated above, Plaintiff's complaint sufficiently alleges Plaintiff's right to possession of the

10   bitcoins at issue, and that any persons who possess the Bitcoin Defendant are in wrongful possession of

11   Plaintiff's property. Because any person(s) who may control or be in possession of the bitcoins located

12   at the bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet have failed to respond to

13   Plaintiff's complaint or otherwise appear in this action, such failure constitutes an admission as to the

14   averments contained in Plaintiff's complaint. Because the Court must accept Plaintiff's allegations as

15   true, Fed. R. Civ. P. 8(d), and the declarations submitted herewith and already on file with the Court

16   support these allegations, the third *Eitel* factor favors entry of default judgment.

17       **4.   <u>The Sum of Money at Stake in the Action</u>**

18          Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation

19   to the seriousness of Defendant's conduct." *Cal. Sec. Cans.,* 238 F.Supp.2d at 1176; *see also Eitel,* 782

20   F.2d at 1471-72. The bitcoins at issue have a U.S. Dollar value between $101,762.51 and $200,430.49.

21   However, Plaintiff's claim for Replevin does not seek monetary relief (or money in place of the property

22   at issue) and, instead, seeks the return of property wrongfully transferred to the

23   bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet. To the extent any person who may

24   be controlling or in possession of the bitcoins at issue is the same person who stole Plaintiff's bitcoins

25   on December 14, 2021, the conduct of that person is extremely serious, and the value of the bitcoins at

26   stake has nearly doubled since the time of the offensive conduct. This factor favors granting default

27   judgment.

28   //

**5.  <u>Possibility of a Dispute Concerning the Material Facts</u>**

Upon entry of default, all well-pleaded facts in Plaintiff's complaint are taken as true, except those relating to damages. *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Since Plaintiff filed his complaint, no dispute has been raised regarding the material averments as to Plaintiff's ownership of, or right to possess the subject property. Even if a person in possession, or who may come into possession of the Bitcoin Defendant at a later date has done so, or does so incidentally (unrelated to the alleged theft), the likelihood that any genuine issue exists or may arise regarding Plaintiff's right to exclusive possession of the subject property is impossible, or at best, exceptionally remote. This factor favors the entry of default.

**6.  <u>Default was Not the Result of Excusable Neglect</u>**

The Bitcoin Defendant, and anyone who may have asserted a possessory interest in the bitcoins located at the bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm Bitcoin Wallet, were provided actual notice of these proceedings. The Bitcoin Defendant received notice of both Plaintiff's complaint and will receive this Motion for Default Judgment, as these documents have been or will imminently be uploaded to the Google Drive document repository, which is reflected in the "OP_RETURN" Service Transactions. (Mora Decl. ¶ ¶ 9-12, 18). In light of the multiple notices delivered to the Bitcoin Defendant regarding this action, the extended period of time that has elapsed, and the fact that no individual or entity has appeared or filed a response in this matter, the possibility of excusable neglect is remote. The sixth Eitel factor favors granting a default judgment.

**7.  <u>Policy Favoring Decisions on the Merits Does Not Preclude Entry of Default Judgment</u>**

The failure of any person or entity to answer Plaintiff's complaint or otherwise assert a competing interest in the subject property makes a decision on the merits of Plaintiff's Replevin claim impractical, if not impossible. "Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Cal. Sec. Cans.*, 238 F.Supp.2d at 1177. The failure of any defendant to respond or contest Plaintiff's right to possess the subject property is precisely what has occurred in this case. The seventh *Eitel* factor does not preclude the Court from entering default judgment against the Bitcoin Defendant.

//

**D.      PLAINTIFF'S REQUESTED RELIEF**

**1.    Relief Requested in Plaintiff's Complaint**

FRCP 54(c) allows only the relief prayed for in the complaint to be awarded to the plaintiff in a default. Under FRCP 8(a)(3), the demand for relief must be specific. Plaintiff's complaint requests that the following relief be awarded on Plaintiff's claim for Replevin (Claim and Delivery): "For an order compelling Defendant 2.05698427 BITCOINS to transfer to Plaintiff the control, legal title, and possession of the bitcoins presently located at the Bitcoin public key address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm." (ECF No. 18, at p. 85).

Plaintiff's requested relief is specific, and the relief hereby requested in Plaintiff's Motion for Default Judgment does not exceed the scope of the relief prayed for in Plaintiff's complaint.

**2.    Additional Grounds to Support Granting Plaintiff's Requested Relief**

Plaintiff seeks a judgment against the Bitcoin Defendant on his claim for Replevin to perfect his right to possession, and establish this Court's jurisdiction over the personal property at issue, which, unlike virtually every other kind of property, may be simultaneously possessed and controlled in and from multiple geographic locations all at once.

Plaintiff recognizes that he may need to eventually enforce the relief he requests against entities outside of California, specifically, for example, in the event the U.S. Attorney's Office for the District of New Jersey initiates forfeiture proceedings involving the subject property. Under Rule 69(a), the general process to enforce a judgment in proceedings supplementary to, or in aid of a judgment, is carried out in accordance with the state practice where the district court is held, unless a specific statute of the United States governs the situation. No specific federal statute would govern this situation, so California's process would be applied if a judgment is issued. Fed. R. Civ. P., R. 69(a). [2]

Because Plaintiff may eventually need to enforce this default judgement against one or more non-California entities, entry of a judgment by this Court would avoid the otherwise unnecessary and inefficient, if not wasteful procedures whereby Plaintiff would need to re-establish his rights to the subject bitcoins in a foreign court. Rule 70 would permit this Court to issue a writ of assistance in aid

---

[2] *See* California Code of Civil Procedure, section 712.010: "After entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the judgment is to be enforced. . . ."

of its judgment ordering delivery of possession of Plaintiff's property to Plaintiff, as Rule 70 is designed to deal with parties who seek to thwart judgments by refusing to comply with orders to perform specific acts, including orders applicable to federal agencies. Fed. R. Civ. Proc., R. 70. *See, e.g., U.S. v. One (1) Douglas A-26B Aircraft*, C.A.11 (Ga.) 1981, 662 F.2d 1372 (where the government sought to forfeit, and appellant sought to prevent forfeiture of an aircraft owned by appellant and seized by U.S. Customs officers, the district court found that Customs had delayed unreasonably in instituting forfeiture proceedings thus violating statutory promptness requirements and appellant's due process right).

By entering judgment and an order awarding Plaintiff the right to possess the subject bitcoins, this Court will have authority to enforce the judgment, subject to California process, by issuing subsequent orders in aid of its judgment, even as against foreign, non-party entities, if necessary. *See* Fed. R. Civ. Proc, R. 71 ("When an order . . . may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party.").

## IV. <u>CONCLUSION</u>

Plaintiff has adequately alleged facts demonstrating that he has the right to immediately control and possess the bitcoins presently located at the Bitcoin Wallet with public key address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm, and that any person who may control or possess those bitcoins is in wrongful possession thereof. Therefore, Plaintiff has established his claim for Replevin and should be awarded the immediate and exclusive possession and right to the return of his personal property. Plaintiff seeks a judgment in his favor as follows:

<u>Against Defendant 2.05698427 BITCOINS on Plaintiff's Claim for Replevin</u>

a. An order that all bitcoins presently located the Bitcoin Wallet with the public key address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm, be immediately returned or delivered to Plaintiff;

b. An order recognizing Plaintiff as having and declaring Plaintiff to have all rights and exclusive legal title to, and ownership of the bitcoins traceable to the Bitcoin public key Wallet address, bc1qjp79ak6fxm4h7j0tsrwqx2n2k4tcqqveqxrvgm.

//

//

//

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT 2.05698427 BITCOINS

Dated: November 29, 2024                    Respectfully submitted,

                                            WANGER JONES HELSLEY PC


                                    By:  /s/ Ethan E. Mora
                                         _____
                                         Patrick D. Toole, Esq.
                                         Ethan E. Mora, Esq.
                                         Attorneys for Plaintiff Ryan Dellone

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT 2.05698427 BITCOINS